United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHRISTABEL TEKE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-398 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Christabel Teke is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  She bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, the equal protection principles incorporated within the Due Process Clause, and the Suspension Clause of the United States Constitution.[1]

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.  In light of that decision, the Court ordered Petitioner to file a Statement in support of her claims. (Order, Doc. 4)  Petitioner timely complied with the order. (*See* Statement, Doc. 5)

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim.

---

[1] Petitioner references the Administrative Procedure Act in the introduction of her Petition, (*see* Pet., Doc. 1, ¶ 7), but does not allege a claim based on this statute.

1 / 5

## I.      Due Process Claim

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as herself, and that Respondents violate this principle by detaining her under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 48–62)  Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2]   Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 5), but the Court finds the proposed distinctions unpersuasive.  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing her particular circumstances, including her length of residence within the United States.  But she presents no authority to support her claim that these circumstances present a viable as-applied due process challenge.  In addition, Section 1225(b)(2)(a) authorizes her continued detention, as *Buenrostro* recognized.

---

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

## II.    Equal Protection Claim

Petitioner also alleges that the "categorical denial [of bond] creates an unjustifiable disparity between Petitioner and other similarly situated [8 U.S.C. § 1229a petitioners] who receive individualized custody determinations—even where those individuals entered without inspection, were apprehended long after entry, and present identical risk profiles." (Pet., Doc. 1, ¶ 69)  She claims that this alleged distinction violates the equal protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017).  The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction.").  While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens different from others.  In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508.  As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

### III.    *Accardi* Claim

Petitioner alleges that her warrantless arrest was executed in excess of statutory and regulatory authority, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). (Pet., Doc. 1, ¶¶ 88–98)  She supports this argument by asserting that "[t]here was no factual basis to conclude that Petitioner was 'likely to escape before a warrant could be obtained[,]' as required by 8 C.F.R. § 287.8(c)(2)(ii)." (Pet., Doc. 1, ¶ 93)

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

### IV.    Suspension Clause Claim

Petitioner also alleges a claim based on the Suspension Clause. (Pet., Doc. 1, ¶¶ 77–87) That constitutional provision provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. ART. I, § 9, cl. 2.  Petitioner's cause of action based on this provision fails because the Court is considering Petitioner's habeas action–i.e., no suspension of the writ has occurred. Notably, the Court has exercised jurisdiction over Petitioner's habeas action, but concluded that he presents no viable claim.  The Suspension Clause protects only access to the writ of habeas corpus, an access that Petitioner has been afforded.  Other federal district courts considering such claims based on the Suspension Clause have reached a similar conclusion. *See, e.g.*, *Ahmed v. S. La. Processing Ctr., et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

4 / 5

## V.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to the relief that she requests.

Accordingly, it is:

**ORDERED** that Petitioner Christabel Teke's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 8, 2026.

Fernando Rodriguez, Jr.
United States District Judge